Stephanie E. Kaiser (Texas Bar I.D. 24013633)
Rick Kelley (Texas Bar I.D. 11203900)
Adrienne N. Wall (Texas Bar I.D. 24054556)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3590 / (817) 878-9790 (Fax)
Stephanie.Kaiser@kellyhart.com
Rick.Kelley@kellyhart.com
Adrienne.Wall@kellyhart.com

*Attorneys for Capital Farm Credit, FLCA*

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | IN PROCEEDINGS UNDER CHAPTER 11 |
| | § | |
| EFD, LTD. D/B/A | § | CASE NO. 11-10846-cag |
| BLANCO SAN MIGUEL | § | |
| *Debtor.* | § | |

## CAPITAL FARM CREDIT, FLCA'S
## OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT

TO THE HONORABLE CRAIG GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Capital Farm Credit, FLCA ("Capital Farm Credit"), a secured creditor and party in interest in this bankruptcy case, by and through its undersigned counsel, and files this its *Objection to Debtor's Disclosure Statement* ("Objection") and in support of same would respectfully show the Court as follows:

### I. BACKGROUND

1. On April 5, 2011 (the "Petition Date"), EFD, Ltd. d/b/a Blanco San Miguel ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor was formerly known as Blanco San Miguel, Ltd., a Texas limited partnership.

2. Since the Petition Date, Debtor operated as Debtor in Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Debtor filed its Proposed Disclosure Statement for the Debtor's Plan of Reorganization [Docket No. 23] ("Disclosure Statement") on June 23, 2011.

4. Debtor is liable for two outstanding loans payable to Capital Farm Credit in at least the following amounts, which loans are identified as follows (the "Loans"):

| Loan No. | Date | Amount |
|---|---|---|
| 858020 | March 20, 2006 | $22,526,300 |
| 864082 | November 17, 2006 | $3,076,200 |

5. The Loans were made to provide either purchase money financing or refinancing for Debtor's real property located in Burnet and Blanco Counties, Texas (collectively, the "Collateral"). The Loans are secured by liens on the Collateral and other assets owned by Debtor and are cross-defaulted and cross-collateralized as permitted by law.

6. The notes evidencing the Loans were also signed by Jeff Maddux and Larry Meyer, individually — two of the principals of Debtor.

7. As of April 4, 2011, the day before the Petition Date, the Loans were in default, either under the terms of the loan documents pertaining to each specific Loan or by virtue of the cross-default provisions in the loan documents.

8. As of the Petition Date, the total amount of debt owed on the Loans was at least $22,769,879.96, plus accrued interest, penalty interest, and attorneys' fees, costs, and expenses. Based on Capital Farm Credit's February 2011 appraisal, the total value of the Collateral

securing the Loans is approximately $ 26,426,000.00.[1] Capital Farm Credit is in the process of getting an updated appraisal on the Collateral.

## II.    OBJECTIONS

### A.    The Disclosure Statement Should Not be Approved Because it Does Not Contain Adequate Information.

9.    The Court should not approve the Disclosure Statement as it fails to provide adequate information as required by § 1125 of the Bankruptcy Code.

10.    Before a plan proponent may solicit votes on a plan, the plan must provide holders of claims or interests with a disclosure statement approved by the court as containing adequate information to enable "a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1). "The purpose of a disclosure statement is not to assure acceptance or rejection of a plan, but to provide enough information to interested persons so they may make an informed choice between two alternatives." *In re U.S. Brass Corp.*, 194 B.R. 420, 423 (Bankr. E.D. Tex. 1996).

11.    The determination as to what constitutes adequate information must be made on a case-by-case basis. *Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998). Nonetheless, factual predicates are required for all assertions contained in the disclosure statement since "opinions without factual support are not proper content of a disclosure statement and do not provide the parties voting on the plan with adequate information." *In re Fierman*, 21 B.R. 314, 315 (Bankr. E.D. Pa. 1982) (citations omitted). The proponent of the plan (in this case, Debtor) bears the ultimate burden of persuasion on the

---

[1] The total amount of Capital Farm Credit's total claim will be set forth in its Proof of Claim to be filed with the Court. Because the updated appraisal will not be available when the Proof of Claim is filed, the value set froth in the Proof of Claim will be based on the February 2011 appraisal.

adequacy of the disclosure statement. *In re Michelson*, 141 B.R. 715, 718-19 (Bankr. E.D. Cal. 1992).

12. The Disclosure Statement here fails to include "adequate information" concerning at least the following:

(a) Any and all offers, whether written or oral, to purchase the Collateral since April 1, 2007 including the amount of such offer(s) and any response to each such offer;

(b) Each appraisal or estimate of the Collateral or other property of the Debtor's estate on which the Debtor relies and any and all assumptions on which each appraisal or estimate is based;

(c) The legal and/or factual bases for any set-off to which any receivable may be subject and the reason(s) why collectability of Debtor's receivables is "questionable;"

(d) Ownership of Debtor and Debtor's general partner, WWTT, LLC;

(e) Debtor's name change in October 2010 from Blanco San Miguel, Ltd. to EFD, Ltd. d/b/a Blanco San Miguel and any attendant change in ownership;

(f) The legal and/or factual bases for the statement that the maturity of the notes evidencing the Loans was "shortened unilaterally by CFC;"

(g) Any and all loan modification agreements, forbearance agreements, and other agreements signed by Debtor for the purpose of modifying or extending one or more terms of the Loans;

(h) The legal and/or factual bases for any potential claim(s) against Capital Farm Credit and the effect of any forbearance agreement, loan modification agreement, and/or other agreement on such claim(s);

(i) The basis for releasing Capital Farm Credit's liens in full upon the conveyance of an unidentified portion of the Collateral to Capital Farm Credit;

(j) The legal description of the property that the Debtor proposes to surrender to Capital Farm Credit in discharge of its secured claim;

(k) The amount of the "claim and indebtedness owed to the Class IV holder;"

(l) What property Debtor proposes to sell and/or the amount of the contributions the Debtor is proposing to obtain from its "partners" in order

to make payments under the Plan and how much cash will be necessary to obtain in order to make all proposed payments under the plan;

(m) The value of the land Debtor proposes to convey to Capital Farm Credit in full satisfaction of its claim and the support for such value;

(n) Whether or not Debtor is proposing to include Capital Farm Credit's attorneys' fees, costs, and expenses in Capital Farm Credit's Class IV claim and, if not, why not;

(o) The definition of "sufficient acreage" in section IV(B)(4) of the Disclosure Statement and how such will be determined and by whom and the date on which Debtor proposes to convey "sufficient acreage" to Capital Farm Credit "in satisfaction of its claim;"

(p) Any known or suspected claims against any party that has done business with Debtor;

(q) The reason(s) for Debtor's default on the Loans and/or on any other obligation owed to any other person;

(r) The time frame for performance under the Plan, including the time frame for the proposed payments of claims as set forth in the Disclosure Statement and/or the Plan, to the extent such is not provided; and

(s) What the terms, conditions, and covenants will be with respect to the Loans.

13. Since the information provided by Debtors is inadequate for the reasons stated above, Capital Farm Credit requests that the Court deny approval of the Disclosure Statement.

14. Capital Farm Credit also objects to the Disclosure Statement to the extent the Disclosure Statement asserts terms of Capital Farm Credit's Loans or the use of Capital Farm Credit's Collateral inconsistent with Capital Farm Credit's rights in the Collateral or applicable law.

15. Capital Farm Credit objects to the extent the recitation of facts included within the Disclosure Statement is inconsistent with the parties' agreements without adequate explanation for the same or which is otherwise without support.

16. Capital Farm Credit further objects that Debtor's purported value of the Collateral is overstated. Specifically, pursuant to an appraisal completed on behalf of Capital Farm Credit in February of 2011, the Collateral is valued at approximately $26,246,000.00. Additionally, Capital Farm Credit is in the process of securing a more recent appraisal and, therefore, reserves the right to rely on such appraisal upon its completion.

17. Capital Farm Credit objects to the extent Debtor is purporting to convey less than 100% of the Collateral in full satisfaction of Capital Farm Credit's claim and/or purporting to release Capital Farm Credit's liens before its claim is paid in full.

18. Capital Farm Credit objects to the extent the Disclosure Statement and/or the Plan purport(s) to modify the terms, conditions, and/or covenants of the Loans without adequate explanation of the same and without any basis for same.

### B. Requested Revisions

19. Capital Farm Credit also requests that the Disclosure Statement (and, to the extent necessary, the Plan[2]) be amended to correct the following errors:

> (a) The Disclosure Statement incorrectly states that Capital Farm Credit demanded a change in the amortization schedule by imposing a new requirement of a $5,000,000.00 principle reduction in the loan in order to obtain a renewal. The Disclosure Statement should be amended to reflect as follows: Originally, the April 1, 2007 payment on the Loans was adjusted to require an interest only, rather than a principal and interest, payment. Although the parties agreed to change the maturity date to April 1, 2010, the annual installment requirements after April of 2008 were consistent with the original amortization schedule and did not require a $5,000,000.00 principal reduction in the Loans. After the April 1, 2010 payment became delinquent, the parties' agreed that Debtor would make quarterly installment payments of $2.5 million each. It was not until February of 2011, when Debtor defaulted on the April 2010 agreement, the parties entered into the Distressed Loan Restructuring agreement that provided for a $5,000,000.00 quarterly installment payment on the Loans.

---

[2] The term "Plan" shall mean and refer to Debtor's Plan of Reorganization, Under Chapter 11, Title 11 United States Code [Docket No. 24] filed by Debtor on June 23, 2011.

(b) The Disclosure Statement incorrectly states that Capital Farm Credit "financed the purchase of 58 and 122 acres [of Debtor's property] by two different partnerships." The Disclosure Statement should be amended to reflect that Capital Farm Credit did not finance the purchase of 58 acres of land out of the Collateral.

## C. Other Objections and Reservation of Rights

20. In addition to the objections stated above, Capital Farm Credit objects to the Disclosure Statement because Debtor's Plan is patently unconfirmable. Among other reasons: it is not feasible; it fails to satisfy the best interest of the creditors test; it is not fair and equitable as to Capital Farm Credit; and/or it violates the absolute priority rule.

21. Capital Farm Credit expressly reserves the right to object to confirmation of the Plan and any amendments or other modifications thereto, on any and all grounds, including on the bases set forth above.

22. Capital Farm Credit further reserves the right to supplement and amend this Objection and raise additional objections with respect to other defects in the Disclosure Statement and any amendments or other modifications thereto.

## III. REQUEST FOR RELIEF

Capital Farm Credit, FLCA respectfully requests that the Court: (1) deny approval of Debtor's Disclosure Statement; (2) require Debtor to make the requested amendments to the Disclosure Statement and Plan; and (3) grant Capital Farm Credit such other and further relief, whether at law or in equity, to which Capital Farm Credit may show itself justly entitled.

Date: July 29, 2011     Respectfully submitted,

KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500 / (817) 878-2500 (Facsimile)
Stephanie E. Kaiser (Texas Bar I.D. 24013633)
Stephanie.Kaiser@kellyhart.com
Rick Kelley (Texas Bar I.D. 11203900)
Rick.Kelley@kellyhart.com
Adrienne N. Wall (Texas Bar I.D. 24054556)
Adrienne.Wall@kellyhart.com

By: */s/ Stephanie E. Kaiser*
    Stephanie E. Kaiser

*ATTORNEYS FOR CAPITAL FARM CREDIT, FLCA*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure on July 29, 2011, upon the counsel for Debtor, the Office of the United States Trustee, all parties on the attached Limited Service List, and all persons who have filed a notice of appearance and request for service of pleading in the Chapter 11 cases via first class, U.S. mail, postage prepaid, or via ECF Electronic Notice.

*/s/ Stephanie E. Kaiser*
Stephanie E. Kaiser

CAPITAL FARM CREDIT, FLCA'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT     PAGE 8
1233308_4