**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **EFD, LTD. d/b/a** | § | **CASE NO. 11-10846-CAG** |
| **BLANCO SAN MIGUEL** | § | **(Chapter 11)** |
| **(Debtor)** | § | |

**MOTION OF DEBTOR TO VALUE COLLATERAL**

**A HEARING TO CONSIDER THIS MOTION HAS BEEN**
**SCHEDULED FOR OCTOBER 13 AND 14, 2011, AT 9:00 A.M.**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. § 506, Bankruptcy Rule 3012 and Local Bankruptcy Rule 3012,

EFD, Ltd., ("Debtor"), files this Motion to Value Collateral (the "Motion") seeking to value the

collateral of Capital Farm Credit, FLCA ("Lender") and as grounds therefore states as follows:

**BACKGROUND**

1.      On April 5, 2010 (the "Petition Date"), Debtor filed its voluntary petition for

relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Since the Petition Date, the Debtor has been operating its business and managing

its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy

Code.

**JURISDICTION**

3.      Subject matter jurisdiction is conferred in the Court pursuant to 28 U.S.C. § 1334.

This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K), (L) and (O).

## **RELIEF SOUGHT**

4.      Pursuant to Section 506(a) of the Bankruptcy Code, an allowed claim secured by a lien on estate property is a secured claim to the extent of the value of the creditor's interest in the debtor's interest in the property securing such claim.

5.      The Lender is the holder of a secured claim against the Debtor.

6.      Bankruptcy Code section 506(a)(1) provides, in relevant part that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property …. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

7.      Bankruptcy Rule 3012 provides as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

8.      Local Bankruptcy Rule 3012 provides as follows:

> All motions for valuation must be in a verified pleading or accompanied by an affidavit which discloses:
>
> (a) the date of purchase and the purchase price of the item(s) sought to be valued;
> (b) a description of the condition of the item(s);
> (c) the movant's opinion of the value of the item(s); and
> (d) the basis for that opinion.

Set forth below are the elements required by Local Bankruptcy Rule 3012.[1]

---

[1] This Motion has already been scheduled for hearing by the Court. The Debtor will be providing sworn testimony at the hearing. Therefore, this Motion is not accompanied by an affidavit.

A.    **The Date of Purchase and the Purchase Price of the Item(s) Sought to be Valued**

In March 2006 EFD purchased the following tracts of land in the Burnet & Blanco Counties:

March 10, 2006 – 316.045 acres for $2,212,000.00.
March 20, 2006 - 5476.23 acres for $19,166,840.00.

These 2 tracts of land were financed by Capital Farm Credit with a loan in the amount of $22,526,300.00.

Between May and June 2006 EFD purchased the following 4 tracts of land in the Burnet and Blanco Counties.   These were financed by IICB, LP with a loan in the amount of $1,000,000.00:

May 8, 2006 – 6.05 acres for $325,000.00
May 24, 2006 – 55.19 acres for $551,900.00
May 24, 2006 – 9.04 acres for $90,400.00
June 21, 2006 – 4.65 acres for $29,760.00

On November 16, 2006, the $1,000,000.00 note with IICB, LP was paid in full with a new note by Capital Farm Credit in the amount of $3,076,200.00.

All of the foregoing tracts are collectively referred to herein as the "Property".  All of the Property was pledged to the Lender as collateral for its loans and is collectively referred to herein as the "Collateral".

EFD has made the following land sales:

April 3, 2008 – 200 acres sold in the amount of $2,500,000.00
April 6, 2009 – 122 acres sold in the amount of $1,403,000.00
April 6, 2009 – 122 acres w/ house sold in the amount of $1,403,000.00
April 30, 2010 – 10 acres sold in the amount of $100,000.00

The foregoing tracts of land sold were collateral for the notes held by the Lender, and the proceeds were paid to the Lender to reduce the note balances.

**B.**     <u>A Description of the Condition of the Item(s)</u>

This requirement of the Local Rules is arguably inapplicable in the real estate context. However, the Debtor notes that since its acquisition of the referenced tracts, it has obtained water rights from the LCRA and an easement to bring the water from Lake Travis to the Property.

**C.**     <u>The Movant's Opinion of the Value of the Item(s)</u>

Based upon an appraisal conducted in 2010, the Property had a market value of approximately $124,000,000. A subsequent appraisal was performed by Austin Valuation Consultants, Ltd. which determined that the Property had a fair market value of $102,790,000.00 and a Liquidation Value of $81,150,000.00 as of June 1, 2011.

**D.**     <u>The Basis for That Opinion</u>

The appraisals referenced above.

## PURPOSE OF THE VALUATION

9.     The purpose of the valuation is to determine the value of the Property in connection with the confirmation of the plan of reorganization proposed by the Debtor (the "Plan"). The Plan contemplates that the Lender will receive sufficient acreage based upon the Court's valuation of the Property, along with all entitlements related to such Property, in satisfaction of its claim (the "Conveyed Property"). Upon conveyance of the Conveyed Property, the claim and the indebtedness owed to the Lender will be deemed paid in full and satisfied.

## CONCLUSION

10.     Through this Motion, the Debtor seeks the Court's determination as to the value of the Collateral.

WHEREFORE, the Debtor respectfully requests that this Court enter an order valuing the Collateral and determining the value of the Lender's collateral, together with such other and further relief it deems just and proper.

Dated: August 10, 2011
      Austin, Texas

Respectfully Submitted,

HOHMANN, TAUBE & SUMMERS, LLP

By:    /s/ Morris D. Weiss            
      Eric J. Taube
      State Bar No. 19679350
      Mark C. Taylor
      State Bar No. 19713225
      Morris D. Weiss
      State Bar No. 21110850
      100 Congress Avenue, 18th Floor
      Austin, Texas 78701
      Telephone: 512/472-5997
      Telecopier: 512/472-5248

ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by the Court's electronic notification system to all parties receiving such notice and by U.S. First Class Mail on all parties on the attached service list on this 10th day of August, 2011.

      /s/ Morris D. Weiss           
Morris D. Weiss

## <u>SERVICE LIST</u>

Blanco County Appraisal
District
PO Box 338
615 N. Nugent
Johnson City, TX 78636

Burnet County Appraisal
District
P.O. Box 908
223 South Pierce
Burnet, TX 78611

Capital Farm Credit
5900 SW Parkway Suite 501
Austin, TX 78735

CLMI Trust
PO Box 154369
Waco, TX 76715

Connecticut Avenue Properties,
Inc
PO Box 8157
Waco, TX 76714

Dale & Rita Steitle
PO Box 791
Burnet, TX 78611

Dillocopter LLC
13200 Bee Cave Pkwy
Austin, TX 78738

Driftwood Land Co.
13200 Bee Cave Pkwy
Austin, TX 78738

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Land Sculptors Inc
13200 Bee Cave Pkwy
Austin, TX 78738

Larry Meyer
2607 Chalk Knoll Cove
Austin, TX 78735

LCRA
11612 Bee Caves Rd.
Bldg. 1, Suite 150
Austin, TX 78738

Maxwell Locke & Ritter, LLP
401 Congress Avenue, Suite
1100
Austin, TX 78701

Pedernales Electric
P.O. Box 1
Johnson City, TX 78636

Ranch 122, LLC
4571 SW Thistle Terrace
Palm City, FL 34990

Ranches and Rivers Realty
13200 Bee Cave Pkwy
Austin, TX 78738

Sheiness, Scott, Grossman,&
Cohn LLP
1001 McKinney
Suite 1400
Houston, TX 77002

Stone & Bruce PC
16800 Westgrove Drive
Suite 400
Addison, TX 75001

U.S. Trustee
903 San Jacinto Blvd., Suite 230
Austin, TX 78701

Whiteside Insurance
P.O. Box 605
Spicewood, TX 78669

William J Maddux Exempt
Trust
13200 Bee Cave Pkwy
Austin, TX 78738

William J. Maddux
13200 Bee Cave Pkwy
Austin, TX 78738

WWTT, LLC
13200 Bee Cave Pkwy
Austin, TX 78738

**<u>PARTIES REQUESTING</u>**
**<u>NOTICE</u>**

H. Miles Cohn
Sheiness, Scott, Grossman &
Cohn, LLP
1001 McKinney, Suite 1400
Houston, TX 77002-6323

Lee Gordon
McCreary, Veselka, Bragg &
Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680

Stephanie E. Kaiser
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

Richard A. Kelley
Kelly Hart & Hallman, LP
301 Congress Ave., Suite 2000
Austin, TX 78701

James N. Rader
Lower Colorado River Authority
P.O. Box 220
Austin, TX 78767-0220

Diane W. Sanders
Linebarger Goggan Blair &
Sampson, LLP
P.O. Box 17428
Austin, TX 78760-7428

C. Daniel Roberts
C. Daniel Roberts & Assoc.
1602 East Cesar Chavez
Austin, TX 78702